## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## FULTON DIVISION

**DAWN PLAGIANES,**

    **Plaintiff,**

**vs.**

                      **CASE NO.:**

**FULTON COUNTY SCHOOL DISTRICT**,

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff DAWN PLAGIANES ("Plaintiff"), by and through her undersigned counsel brings this action against Defendant FULTON COUNTY SCHOOL DISTRICT, ("Defendant"), and states as follows:

## NATURE OF CASE

1.    Plaintiff brings this action for damages, liquidated damages, and reasonable attorney fees for Defendant's violation of her rights under the Americans with Disabilities Act of 1990, as amended ("ADAAA"), 42 U.S.C. § 12101 *et seq* and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et. seq*.

## ADMINISTRATIVE PROCEDURES

2.     Plaintiff has fulfilled all conditions necessary to proceed with this cause of action. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Fulton County School District, on January 5, 2022.

3.     Defendant submitted its position statement to the EEOC on April 11, 2024.

4.     The EEOC issued its Notice of Right to Sue on June 5, 2024.

5.     Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## JURISDICTION AND VENUE

6.     Plaintiff invokes the jurisdiction of this court pursuant to 42 U.S.C. § 12101 *et seq.*, 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 12117.

7.     This Court is an appropriate venue for all Plaintiff's claims under 28 U.S.C. § 1391(b), because all of the parties reside within the Northern District of Georgia, and all or a substantial majority of the events giving rise to Plaintiff's claims occurred in the judicial district.

## PARTIES

8.     Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq.*, in that she had been employed with Defendant for

more than 12 months and worked more than 1250 hours in the 12 months preceding her request for FMLA.

9.      Plaintiff is a citizen of the United States of America and a resident of the State of Georgia and at all such times, Plaintiff was an "employee" of Defendant as defined under the ADAAA at 42 U.S.C. § 12111(4).

10.      Plaintiff, at all times revenant hereto, was an individual with a disability as the term is defined under 42 U.S.C. § 12102(1).

11.      Plaintiff is a person with a disability as she has an impairment causing substantial limitations in one or more major life activities, she has a record of disability, and because Defendant regarded her as having an impairment.

12.      During all times relevant hereto, Defendant Fulton County School District has employed fifty or more employees, within a 75-mile radius of Plaintiff's employment, for the requisite requirements under the ADAAA and the FMLA. Defendant is therefore covered under the ADAAA in accordance with 42 U.S.C. § 12111(5) and the FMLA in accordance with 29 U.S.C. § 2601 *et seq*.

13.      During all times relevant hereto, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District and is within the jurisdiction of this Court and this District.

14.   Defendant may be served by delivering a copy of the summons and complaint through its registered agent, Mark Sulborski, at 6201 Powers Ferry Rd NW, Atlanta, GA, 30339.

15.   Defendant is now and, at all times relevant hereto, has been a for-profit corporation.

## STATUTORY PREREQUISITES

16.   At all times material hereto, Plaintiff suffered from Covid complications that were caused and/or exacerbated by her prior cancer diagnoses, which is a disabling medical condition under the ADAAA.

17.   Plaintiff is an individual who suffered discrimination based on her disability.

18.   Plaintiff is a member of a class of individuals protected by ADAAA.

19.   Plaintiff was qualified for the position she was hired as a middle school teacher.

20.   The Defendant meets the statutory criteria for coverage as an "employer" under the ADAAA.

21.   Plaintiff meets the statutory criteria for coverage as an "employee" under the ADAAA.

22.   Plaintiff timely filed her Charge of Discrimination with the EEOC on January 5, 2022.

23.    On June 5, 2024, the EEOC issued its Notice of Right to Sue. Therefore, this Complaint is being filed within ninety (90) days of Plaintiff receiving her right-to-sue letter.

24.    Accordingly, Plaintiff has complied with all other requirements and all other prerequisites prior to bringing this lawsuit.

## FACTUAL ALLEGATIONSS

25.    Plaintiff was hired on August 24, 2014, as a teacher with the Defendant.

26.    Plaintiff was originally assigned to teach at Banneker High School, but was transferred to McNair Middle School two years later.

27.    On September 10, 2020, Plaintiff began experiencing medical difficulties related to a prior cancer diagnosis.

28.    As a result, Plaintiff sought an accommodation to work remotely.

29.    On September 14, 2020, Plaintiff's physician, Dr. Michelle Cooke, provided correspondence to Defendant's Human Resources Department requesting that the Plaintiff be allowed to work virtually.

30.    On or about September 17, 2020, Plaintiff fell ill and was experiencing COVID symptoms and because of her already compromised immune system, the Defendant's nurse sent her home.

31.    Subsequently, Plaintiff tested positive for COVID and applied for the Defendant's allotted 10-day COVID sick day policy.

5

32. In addition, a representative from the Defendant's Leave Office sent Dr. Cooke the necessary documentation to complete for Plaintiff to seek FMLA leave.

33. Plaintiff was advised by the Defendant's Leave Office representative that she had to report to work until her FMLA leave request was either approved or denied.

34. Plaintiff's FMLA leave request was granted and Plaintiff's FMLA leave was from September 21, 2020, until October 19, 2020.

35. While Dr. Cooke was adamant in his requests for Plaintiff to continue working for Defendant in a virtual capacity due to her prior medical conditions being exacerbated by COVID, Plaintiff was required to report back to in-person work on October 20, 2020.

36. In light of this, Plaintiff informed her supervisor, Principal John Madden, of the accommodations request and further inquired if there would be an issue working virtually going forward. Mr. Madden assured her that it would not be an issue, and to make sure the Leave Office had the necessary paperwork.

37. Eddie Breaux, Defendant's Human Resources Staffing Director, contacted the Plaintiff via email stating that despite the documentation from Dr. Cooke, Plaintiff still had to report to work in person. He informed her that approving the virtual request "would take time."

38.     On October 19, 2020, Breaux advised the Plaintiff that Fulton County Schools could not accommodate her physician-recommended request to work virtually. Breaux further stated that the Defendant would provide her with a shield to place around her desk, as well as extra cleaning supplies.

39.     [Need a transition paragraph to explain why] Because Plaintiff's condition had not sufficiently improved to allow Plaintiff to return to work in person, Plaintiff requested and was granted, a second medical leave.

40.     On October 20, 2020, Plaintiff took her second FMLA leave with an anticipated return to work date of November 11, 2020.

41.     Despite Dr. Cooke's constant communication with Defendant regarding the need to allow Plaintiff to work virtually due to her compromised medical condition and substantial risk of contracting COVID, Defendant refused to grant the accommodations.

42.     Instead, Defendant suggested that Plaintiff apply for short term disability ("STD"). Accordingly, Plaintiff applied for STD in December 2020.

43.     However, Plaintiff's STD request was subsequently denied by Hartford Insurance.

44.     Plaintiff's medical condition was also an ADAAA qualifying disability.

7

45.    As a result of the STD denial, Defendant placed Plaintiff on leave without pay from November 11, 2020, through March 17, 2021, with a return-to-work date of March 18, 2021.

46.    Plaintiff had to pay $300/month to retain her health insurance during this period.

47.    Plaintiff received a call from Breaux confirming her return to work date. Plaintiff advised Breaux that she was scheduled to receive the COVID vaccine in two doses and would return to in-person work immediately thereafter. The first dose was scheduled to be administered on March 22, 2021, while the second dose was scheduled for April 12, 2021.

48.    Several weeks later, Plaintiff received a call from Defendant's legal counsel, who stated that Defendant was no longer going to allow her to return to work as scheduled.

49.    Moreover, Defendant's legal counsel informed Plaintiff that she had the following three available options regarding her employment: 1) resign; 2) medically resign; or 3) be terminated.

50.    When Plaintiff questioned Defendant's legal counsel about why she would face termination when there were no disciplinary issues, she was told that this was the decision made by Defendant.

51.    Plaintiff was constructively discharged from her position via forced resignation effective July 31, 2021.

8

## COUNT I
## DISCRIMINATION UNDER THE ADAAA

52.   Plaintiff reincorporates and adopts all allegations contained within paragraphs 1 through 51 above.

53.   Plaintiff suffers from a disabling medical condition pursuant to the ADAAA.

54.   Plaintiff was discriminated against by the Defendant due to her disability in violation of federal law.

55.   Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

56.   Defendant denied Plaintiff a reasonable accommodation as required by federal law.

57.   Plaintiff is protected by the ADAAA:

   a.  Plaintiff was a disabled or a "perceived as disabled" employee who suffered discrimination because of her disability or "perceived disability" by Defendants; and

   b.  Plaintiff suffered an adverse employment action as a result of her disability or "perceived disability."

58.   Defendant was at all material times an "employer" as envisioned and defined by the ADAAA.

59. Plaintiff's medical condition is a protected disability under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

60. Defendant's actions unquestionably constitute disability discrimination in violation of the ADAAA, as amended.

61. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

62. Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of her position, even though Plaintiff could perform same with a reasonable accommodation.

63. Pleading in the alternative, Plaintiff's disability does not substantially limit a major life activity but was treated by Defendant as if it did.

64. Defendant does not have a non-discriminatory rationale for denying Plaintiff's employment.

65. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant. Therefore, she is a member of a protected class as envisioned and defined by the ADAAA.

66. Plaintiff suffered sufficiently severe and pervasive treatment because of her disability and/or "perceived disability," and request for accommodation regarding same.

67.     The acts of Defendant, by and through their agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

68.     The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

69.     The conduct of Defendant, their agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

70.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

71.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

## COUNT II
## RETALIATION UNDER THE ADAAA

72.     Plaintiff reincorporates and adopts all allegations contained within paragraphs 1 through 51 above.

73.     Plaintiff suffers from a disabling medical condition pursuant to the ADAAA.

74. Defendant was aware of Plaintiff's disabling medical condition.

75. Defendant received notice of Plaintiff's disabling medical condition and work restrictions from her physician in September of 2020.

76. Plaintiff was able to perform the essential functions of her job with a reasonable accommodation.

77. Defendant denied Plaintiff's reasonable accommodation request in violation of federal law.

78. Defendant terminated Plaintiff's employment, in whole or in part, because of her disabling medical condition.

79. Plaintiff was retaliated against by the Defendant due to her disability and/or "perceived disability" in violation of federal law.

80. Defendant's proffered reasons for terminating Plaintiff's employment are mere pretext designed to hide Defendant's retaliatory motive.

81. Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

82. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

83. The conduct of Defendant was so willful and wanton, and in such

reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendants to deter it, and others, from such conduct in the future.

84.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

## COUNT III
## INTERFERENCE WITH EXERCISE OF FMLA RIGHTS

80.    Plaintiff reincorporates and adopts all allegations contained within paragraphs 1 through 51 above.

81.    Defendant is an 'employer' as defined by the FMLA.

82.    Plaintiff was an eligible employee under the FMLA.

83.    Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding her request for medical leave pursuant to the FMLA.

84.    Plaintiff was employed by Defendant for more than 12 months.

85.    Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

86.    Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, *et seq*.

87.    Plaintiff had a serious medical condition as defined by the FMLA.

88.    Plaintiff was an eligible employee with a serious health condition

13

as that term is defined by the FMLA and the accompanying regulations, specifically 29 C.F.R. 825.113.

89.    The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due to her solely because of her right to leave under the FMLA.

90.    As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

91.    Plaintiff is also entitled to liquidated damages for Defendant's violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii) because Defendant's actions to prevent Plaintiff from taking additional leave were willful violations of the FMLA.

**COUNT IV**
**RETALIATION FOR EXERCISE OF FMLA RIGHTS**

92.    Plaintiff reincorporates and adopts all allegations contained within paragraphs 1 through 51 above.

93.    Defendant is an 'employer' as defined by the FMLA.

94.    Plaintiff was an eligible employee under the FMLA.

95.    Plaintiff worked at least 1250 hours for Defendant within the 12

14

months preceding his request for medical leave pursuant to the FMLA.

96. Plaintiff was employed by Defendant for more than 12 months.

97. Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

98. Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, *et seq*.

99. Plaintiff had a serious medical condition as defined by the FMLA.

100. Plaintiff was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 C.F.R. 825.113.

101. In terminating Plaintiff's employment, Defendant retaliated against Plaintiff for exercising her right to take leave as provided under the FMLA.

102. Defendant's actions in retaliation against Plaintiff for refusing her FMLA were committed with reckless disregard for Plaintiff's right to be free from discriminatory treatment under the FMLA, specifically 29 U.S.C. §2615(a)(1)(2).

103. The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her under the

FMLA.

104. As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B).

105. Plaintiff is further entitled to liquidated damages for Defendant's willful violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. A declaratory judgment that Defendant has engaged in unlawful employment practices in violation of the FMLA;

b. General damages for mental and emotional suffering caused by Defendant's misconduct;

c. Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

d. Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

e. Reasonable attorney's fees and expenses of litigation with any and all other costs associated with this action as provided by the FMLA;

f. Trial by jury as to all issues;

g.    Prejudgment interest at the rate allowed by law; and

h.    All other relief to which she may be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.


Dated: <u>August 26, 2024</u>

Respectfully submitted,

***/s/Jordan Rose, Esq***
Anthony J. Hall, Esq.
GA Bar No. 318028
Jordan Rose, Esq.
GA Bar No. 851471
THE LEACH FIRM, P.A.
1560 N. Orange Avenue, Suite 600
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (321) 594-7316
Email: ahall@theleachfirm.com
Email: jrose@theleachfirm.com
Email: aperez@theleachfirm.com
Email: ppalmer@theleachfirm.com
***Attorneys for Plaintiff***

17